IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VIASAT, INC.,**<br><br>　　**Plaintiff,**<br><br>v.<br><br>**WESTERN DIGITAL CORPORATION and WESTERN DIGITAL TECHNOLOGIES, INC.,**<br><br>　　**Defendants.** | Case No.: 6:21-cv-01230-ADA<br><br>**JURY TRIAL DEMANDED** |

**SCHEDULING ORDER**

The parties' deemed Case Management Conference occurred on April 22, 2022. Pursuant to Federal Rule of Civil Procedure 16, the Court orders that the following schedule will govern deadlines up to and including the trials of this matter: [1]

| Deadline | Item |
|---|---|
| April 15, 2022 | Plaintiff served preliminary[2] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.*, the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |

---

[1] Plaintiff requests that this case be coordinated and/or consolidated with CRSR related case *Viasat, Inc. v. Kioxia Corp.*, 6:21-cv-01231-ADA, for pre-trial purposes and with coordinated *Markman* briefing and a single *Markman* hearing. *See* OGP 4.1 at 2, 7.

[2] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| Deadline | Item |
|---|---|
| June 10, 2022 | Defendants serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendants contend are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendants contend are directed to ineligible subject matter under section 101. Defendants shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s).[3] |
| June 24, 2022 | Parties exchange claim terms for construction. |
| July 8, 2022 | Parties exchange proposed claim constructions. |
| July 15, 2022 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[4] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| July 22, 2022 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| July 29, 2022 | Defendants file Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| August 5, 2022[5] | Deadline to file a motion for inter-district transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |

---

[3] To the extent it may promote early resolution, the Court encourages the parties the exchange license and sales information, but any such exchange is optional during the pre-*Markman* phase of the case.

[4] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

[5] Assumes *Markman* Hearing on September 30, 2022. *See* Dkt. 37 at 5 ("This section applies to all cases filed on or after March 7, 2022. Otherwise, the Second Amended Standing Order Regarding Motions for Inter-District Transfer controls earlier-filed cases.") ("OGP 4.1"); Second

| Deadline | Item |
|---|---|
| August 19, 2022 | Plaintiff files Responsive claim construction briefs. |
| September 2, 2022 | Defendants file Reply claim construction briefs. |
| September 2, 2022 | Parties to jointly email the law clerks (txwdml_lawclerks_wa_judgealbright@txwd.uscourts.gov) to confirm their *Markman* date. |
| September 2, 2022 | For pending inter-district venue transfer motions, the moving party to provide the Court with a status report with respect to whether the motion(s) has been fully briefed and ready for resolution.<br><br>Parties to jointly email the Court's law clerk if any venue or jurisdictional motions remain unripe for resolution. |
| September 16, 2022 | Plaintiff files Sur-Reply claim construction briefs. |
| September 19, 2022 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy. |
| September 20, 2022 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed). |
| September 23, 2022 | If the Court has not ruled on any pending inter-district motion to transfer, the moving party is directed to email the Court's law clerk and the technical advisor (when appointed), and indicate that the motion to transfer is pending.[6] |
| September 30, 2022[7] | *Markman* Hearing at 9:00 a.m. This date is a placeholder, and the Court may adjust this date as the *Markman* hearing approaches. |
| October 3, 2022 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |

---

Amended Standing Order Regarding Motions For Inter-District Transfer ("A motion for inter-district transfer may be filed within eight weeks of the scheduled date for the Markman hearing only with a showing of good cause for any delay and leave of court.").

[6] Assumes *Markman* Hearing on September 30, 2022. *See* Dkt. 37 at 5; Second Amended Standing Order Regarding Motions For Inter-District Transfer.

[7] All deadlines hereafter follow the original *Markman* hearing date and do not change if the Court delays the *Markman* hearing.

| Deadline | Item |
|---|---|
| November 14, 2022 | Deadline to add parties. |
| November 28, 2022 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| January 23, 2023 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| April 3, 2023 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, the parties are to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| May 1, 2023 | Close of Fact Discovery. |
| May 8, 2023 | Opening Expert Reports. |
| June 5, 2023 | Rebuttal Expert Reports. |
| June 26, 2023 | Close of Expert Discovery. |
| July 3, 2023 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| July 10, 2023 | Dispositive motion deadline and *Daubert* motion deadline. |
| July 24, 2023 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| August 7, 2023 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 8 weeks before trial | Parties to jointly email the Court's law clerk (txwdml_lawclerks_wa_judgealbright@txwd.uscourts.gov) to confirm their pretrial conference and trial dates. |

| Deadline | Item |
|---|---|
| August 14, 2023 | Serve objections to rebuttal disclosures; file Motions *in limine*. |
| August 21, 2023 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| August 28, 2023 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 3 business days before the Final Pretrial Conference | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| TBD at the Court's convenience<br><br>[Plaintiff's proposal: September 11, 2023, or as soon as practicable] | Final Pretrial Conference. Held in person unless otherwise requested. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| TBD at the Court's convenience<br><br>[Plaintiff's proposal: October 2, 2023, or as soon as practicable] | Jury Selection/Trial. The Court expects to set this date at the conclusion of the *Markman* Hearing. |

ORDERED this _____ day of _____, 2022.

 

ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE