UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIASAT, INC.,<br><br>    *Plaintiff*,<br><br>        v.<br><br>WESTERN DIGITAL CORPORATION and WESTERN DIGITAL TECHNOLOGIES, INC.,<br><br>    *Defendants*. | Case No. 6:21-cv-01230-ADA<br><br>JURY TRIAL DEMANDED<br><br>**PUBLIC VERSION** |

**WESTERN DIGITAL TECHNOLOGIES, INC.'S[1] OPPOSED MOTION TO STRIKE VIASAT'S PRELIMINARY INFRINGEMENT CONTENTIONS**

---

[1] The parties have stipulated to the dismissal of defendant Western Digital Corporation.  *See* D.I. 46, 48.

I.  **INTRODUCTION**

Defendant Western Digital Technologies, Inc. ("WDT") respectfully moves to strike Plaintiff Viasat, Inc.'s ("Viasat") Preliminary Infringement Contentions ("PICs") (served April 15, 2022) insofar as they relate to certain uncharted products. Specifically, the PICs accuse "each and every one of Western Digital's flash memory products" but fail to chart anything other than one particular category of WDT error correction technology (branded as "Sentinel"). Nor has Viasat explained why non-Sentinel products are "reasonably similar" to the charted products. Indeed, they are not, as explained in the attached declaration of Idan Alrod, a Western Digital Senior Distinguished Engineer and one of the architects of the accused Western Digital technology. *See* Declaration of Idan Alrod In Support of WDT's Motion To Strike ("Alrod Decl.").

II. **FACTS**

Viasat contends that WDT NAND controllers incorporating Sentinel ("Sentinel products") infringe certain claims of U.S. Patent Nos. 8,615,700 and 8,966,347 (collectively, the "Asserted Patents").[2] *See* Declaration of L. Kieran Kieckhefer In Support of WDT's Motion To Strike ("Kieckhefer Decl."), Ex. A ("PICs"); D.I. 38 (First Amended Complaint), ¶ 8. Sentinel refers to proprietary WDT error correction technology. Alrod Decl., ¶ 2. In short, when data is read from flash memory, it may contain errors that must be corrected (*e.g.*, a "1" may be erroneously read as a "0"). Sentinel utilizes particular error correction strategies and algorithmic techniques, including low density parity check ("LDPC") coding, to correct these potential errors. *Id*.

Viasat's PICs chart Sentinel products, and *only* Sentinel products. Nonetheless, Viasat includes catch-all statements in its PICs and has asserted that "*each and every one of Western*

---

[2] The Asserted Patents relate generally to "forward error correction (FEC) in general and, in particular, FEC for flash memory." U.S. Patent No. 8,615,700 at 1:16-17; U.S. Patent No. 8,966,347 at 1:20-21.

*Digital's flash memory products* infringes the asserted patents under 35 U.S.C. § 271, including *all* of the models, versions, and configurations of the accused devices listed." *See* PICs, Ex. C at 1 (emphasis added). Viasat then appends a 21-page list of WDT products that Viasat asserts are "accused products," even though many of them do not incorporate Sentinel, implement LDPC coding, or even contain flash memory (collectively "Non-Sentinel products"). *See generally* PICs, Ex. C; Alrod Decl., ¶ 4 (identifying the list of products from Viasat's PICs that do not contain Sentinel). In other words, even though Viasat only charted Sentinel products, it lists dozens of products as "accused" even though they do *not* contain, or bear any relation to, Sentinel.

Viasat has not put forth any theory of infringement in connection with the uncharted Non-Sentinel products and has not explained why the uncharted Non-Sentinel products are reasonably similar to the charted Sentinel products. As explained in the attached Alrod Declaration, the uncharted products are quite different, and either (1) ████████████████████████████; (2) include only a hard disk drive and do not have any flash memory; (3) ████████████ ████████████████████████████; (4) ████████████████████████████ ████████████████████████████; or (5) ████████████████████████████ ████████████████. Alrod Decl., ¶ 4.

### III.   LEGAL STANDARD

Patent rules are "designed specifically to require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (internal quotations omitted) (commenting on the N.D. Cal. Patent Rules, which are similar to this Court's rules in relevant part). For example, the Order Governing Proceedings ("OGP") requires that a patent claimant serve infringement contentions "in the form of a chart setting forth where in the

accused product(s) each element of the asserted claim(s) are found." D.I. 37, OGP, § II.  This Court has also held that patent claimants "must provide sufficient notice to [the defendant] for each of the accused products, either with individual charts or with detailed descriptions of how each product is represented by the single charted product." *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, Case No. W-20-CV-00952-ADA, 2022 WL 174517, at *3 (W.D. Tex. Jan. 18, 2022).

IV.    ARGUMENT

Viasat's PICs are deficient and should be stricken as they concern listings of uncharted Non-Sentinel products.

The PICs summarily state that "Viasat contends that each and every one of Western Digital's flash memory products infringes the asserted patents under 35 U.S.C. § 271, including all of the models, versions, and configurations of the accused devices listed herein," and append a 21-page table listing WDT products that Viasat purports are accused of infringement, including several dozen Non-Sentinel products.  *See generally* PICs, Ex. C.  But, if Viasat really wanted to accuse *all* WDT products, it needed to put WDT on fair notice, and actually chart the Non-Sentinel products.  Viasat has not explained, for example, how products that do not even contain flash memory or ███████████████████████ (*see* Alrod Decl., ¶ 4) could possibly infringe patent claims that specifically recite "flash memory" and "forward error correction coding."  To be clear, this is not a case where "Sentinel" is simply a particular WDT brand name and WDT has other products with different brand names that use effectively the same technology.  The uncharted Non-Sentinel products are fundamentally different.  *Id*.

Viasat's sole basis for asserting infringement as to the uncharted Non-Sentinel products appears to be a lone sentence in a marketing whitepaper published by Western Digital concerning

4

Sentinel products that states: "Western Digital's proprietary Sentinel ECC&DSP™ technology is embedded in *all* its NAND controllers." *See* D.I. 38 at ¶¶ 8, 76, 92 & n.1; PICs at 1; PICs, Ex. A at 2, 8, 13, 39, 55-56, 66; PICs, Ex. B at 2, 6, 37, 41. Viasat's argument misses the mark for several reasons. First, this whitepaper reflects a snapshot in time (March 2021) and does not speak to products that pre-date the Whitepaper. Second, the same paragraph in the Whitepaper explains that Sentinel controllers were deployed "across *various* product lines" (*i.e.*, not all). Regardless of how Viasat is misconstruing the marketing Whitepaper, WDT has explained to Viasat on several occasions that many of the listed products do not contain Sentinel and counsel for WDT offered a WDT declaration to prove such fact—Viasat refused to consider even the option of a declaration in lieu of motion practice. Kieckhefer Decl., ¶¶ 4-5. The Alrod Declaration again confirms this point. Alrod Decl., ¶ 4.

Accordingly, the Court should strike the uncharted Non-Sentinel products (as set out in the Alrod Declaration) from the PICs. *Vervain, LLC v. Micron Tech., Inc.*, Case No. 6-21-cv-00487-ADA, D.I. 59 at 9 (W.D. Tex. Apr. 20, 2022) ("[Plaintiff] has not illustrated in its contentions that the additional uncharted products are 'reasonably similar' to those specifically charted and accused in the preliminary infringement contentions. [Plaintiff] cannot simply list products in its contentions that it believes are reasonably similar. It must illustrate why they are.") (internal citations and quotations omitted).

## V. CONCLUSION

For the foregoing reasons, WDT respectfully requests that Viasat's PICs be struck as to any uncharted Non-Sentinel product.

Dated: July 15, 2022

Respectfully submitted,
*/s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer (*pro hac vice*)
Shearman & Sterling LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1124
Facsimile: 415.616.1199
Kieran.Kieckhefer@Shearman.com

David P. Whittlesey
Shearman & Sterling LLP
300 West 6th Street, 22nd Floor
Austin, TX 78701
Telephone: 512.647.1907
Facsimile: 512.857.6602
David.Whittlesey@Shearman.com

Matthew G. Berkowitz (*pro hac vice*)
Patrick Colsher (*pro hac vice*)
Lillian J. Mao (*pro hac vice*)
Yue (Joy) Wang (*pro hac vice*)
Shearman & Sterling LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3737
Facsimile: 650.838.5141
Matt.Berkowitz@Shearman.com
Patrick.Colsher@Shearman.com
Lillian.Mao@Shearman.com
Joy.Wang@Shearman.com

Ahmed ElDessouki (*pro hac vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4908
Ahmed.ElDessouki@Shearman.com

*Counsel for Defendants Western Digital Corp. and Western Digital Techs., Inc.*

## CERTIFICATE OF CONFERENCE

On July 13, 2022, counsel for Defendants spoke with counsel for Viasat regarding whether Defendants' motion to strike would be opposed. On July 13, 2022, counsel for Viasat confirmed that it will oppose Defendant's motion to strike.

/s/ *L. Kieran Kieckhefer*
L. Kieran Kieckhefer

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that a true and correct copy of the above and foregoing document is being served on July 15, 2022 to counsel of record for Viasat including Nosson Knobloch, Meg Fasulo, and Matthew Ford via email.

/s/  *Matt Berkowitz*
Matt Berkowitz