NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: WESTERN DIGITAL TECHNOLOGIES, INC.,**
*Petitioner*

2023-115

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-01230-ADA, Judge Alan D. Albright.

**ON PETITION**

Before DYK, REYNA, and CHEN, *Circuit Judges.*

DYK, *Circuit Judge.*

**O R D E R**

Western Digital Technologies, Inc. ("Western Digital") petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to vacate its decision denying transfer and to transfer this patent infringement case to the United States District Court for the Northern District of California. Viasat, Inc. opposes. We deny the petition.

In its order denying transfer, the district court found that, while headquartered in Northern California, several Western Digital employees (who are potential witnesses)

work from its offices in Austin, Texas, and that eight former Western Digital employees (who are also potential witnesses) still live within the Western District of Texas. The district court rejected Western Digital's argument that these current and former employees did not have relevant and material information, finding Western Digital's supporting deponents lacked credibility and/or failed to properly investigate facts relevant to its Austin office and the accused products. In addition, none of Viasat's employees in the transferee district had been identified as potential witnesses. The court also noted that Viasat has co-pending litigation involving one of the same patents in the Western District of Texas and that the Western District of Texas was likely to be faster in adjudicating the matter. On balance, the court concluded that Western Digital had failed to show that the Northern District of California was clearly more convenient and denied transfer.

On mandamus, our review is limited to determining whether the denial of transfer was such a "'clear' abuse of discretion" that refusing transfer produced a "patently erroneous result," *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (citation omitted). In this case, the district court considered the relevant factors and found, based on the record before it and its credibility/inadequate investigation findings regarding Western Digital's deponents, that Western Digital had failed to show the Northern District of California had a clear comparative advantage with regard to the witness and sources of proof factors. Mindful of the standard of review on mandamus, we are not prepared to disturb those findings, which, taken together with the district court's other findings, provide a plausible basis for its judgment of discretion to deny the transfer request here.

Accordingly,

IN RE: WESTERN DIGITAL TECHNOLOGIES, INC.                          3

I<small>T</small> I<small>S</small> O<small>RDERED</small> T<small>HAT</small>:

The petition is denied.

F<small>OR THE</small> C<small>OURT</small>

<u>March 6, 2023</u>           <u>/s/ Peter R. Marksteiner</u>
    Date                    Peter R. Marksteiner
                                Clerk of Court